## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Ryann Perrett, | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No.:** |
| Lindenwood University, Jason Coomer, | ) | |
| Rebecca Taylor, Katie Zingg; | ) | |
| Shelley Looney, Kristi Kehoe | ) | |
| and John Does 1-10, | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Ryann Perrett ("Plaintiff"), by and through undersigned counsel, brings this action against Lindenwood University ("Defendant" or "University"), Jason Coomer, Rebecca Taylor, Katie Zingg, Shelley Looney, Kristi Kehoe, and John Does 1-10 for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., and other applicable laws. Plaintiff seeks redress for the unlawful sex-based discrimination, retaliation, and mishandling of a Title IX complaint that she endured during her enrollment at Lindenwood University.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen and resident of Canada, and all Defendants are citizens of the State of Missouri. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred in this judicial district, and the Defendant Lindenwood University is located and conducts business within this district.

## III. PARTIES

4. **Plaintiff, Ryann Perrett**: Plaintiff is an individual residing in Alberta, Canada, and was a student at Lindenwood University during the events giving rise to this complaint. She attended Lindenwood as an international student on a sports scholarship as a member of the women's hockey team.

5. **Defendant, Lindenwood University**: Lindenwood University is a private educational institution located in St. Charles, Missouri, and is a recipient of federal funding, making it subject to the requirements of Title IX. The University is responsible for ensuring a safe educational environment free from discrimination, harassment, and retaliation.

6. **Defendant, Jason Coomer**: Jason Coomer is the Vice President for Intercollegiate Athletics at Lindenwood University. He is responsible for overseeing the university's athletic programs and is being sued in his official and individual capacity for his failure to properly address Plaintiff's Title IX complaint, mishandling her reports of harassment and retaliation, and failure to intervene.

7. **Defendant, Rebecca Taylor**: Rebecca Taylor is the Director of Mental Health Services for Athletics at Lindenwood University. She is being sued in her official and individual capacity for her role in failing to provide appropriate mental health support to Plaintiff and for her failure to address the severe emotional distress and mental health crisis Plaintiff experienced as a result of the harassment and retaliation.

8. **Defendant, Katie Zingg**: Katie Zingg is the Associate Athletic Director at Lindenwood University. She is being sued in her official and individual capacity for her failure to address Plaintiff's complaints of harassment and for retaliating against Plaintiff after she reported issues related to Title IX violations and bullying.

9. **Defendant, Shelley Looney**: Shelley Looney is the former Head Coach of the Lindenwood University women's hockey team. She is being sued in her official and individual capacity for her direct involvement in the creation of a hostile environment, her failure to protect Plaintiff from harassment and bullying, and for her retaliatory actions following Plaintiff's complaints.

10. **Defendant, Kristi Kehoe**: Kristi Kehoe is the former Assistant Coach of the Lindenwood University women's hockey team. She is being sued in her official and individual capacity for participating in the creation of a hostile team environment, failing

to address the bullying and harassment against Plaintiff, and retaliating against Plaintiff after complaints were made.

11. **Defendants, John Does 1-10**: John Does 1-10 are unknown individuals employed by Lindenwood University whose identities are currently unknown. These individuals were directly or indirectly involved in the mishandling of Plaintiff's Title IX complaints and contributed to the failure to investigate her allegations of harassment and retaliation. They are sued in their official and individual capacities.

12. **Defendant, Lindenwood University Mental Health Services Personnel**: Certain staff members from the university's mental health services are being sued in their official and individual capacities for failing to provide adequate mental health resources to Plaintiff during her period of distress, thereby exacerbating her emotional and psychological trauma.

13. All defendants identified above are located at and/or have as their business address and as an address for the service of legal process:  209 S Kingshighway St., Saint Charles, MO 63301.

# IV. FACTUAL ALLEGATIONS

**A. Enrollment and Early Experiences**

14. Plaintiff enrolled at Lindenwood University in August 2022 for the 2022–2023 academic year, pursuing a degree in Pre-Dentistry.

15. She was recruited as a student-athlete on a sports scholarship and joined the women's hockey team as an international student from Alberta, Canada.

**B. Initial Harassment and Bullying**

16. Beginning in September 2022, Plaintiff was treated poorly by teammates who viewed her talent and competitiveness as a threat.

17. She faced verbal harassment during practices, including being accused of "trying too hard" and not fitting in with the team's culture.

18. Plaintiff was one of the few players who did not identify as lesbian, which contributed to her being seen as an outsider by a dominant social group of teammates and coaching staff who shared that identity.

19. Her exclusion and mistreatment were rooted in sex-based and gender-conformity discrimination.

20. On or around October 15, 2022, teammate Sarah Davies cross-checked Plaintiff in the jaw during a pre-game skate, resulting in an injury that required medical attention.

21. Julia McGuire also verbally harassed Plaintiff and engaged in further intimidation.

**C. Reporting to Coaches and Lack of Response**

22. Between October and November 2022, Plaintiff reported the harassment to team captains and coaches Shelley Looney and Kristi Kehoe.

23. Her reports were ignored, and no corrective action was taken.

24. In late November 2022, after Julia McGuire was confronted by coaching staff, McGuire made false allegations against Plaintiff, including accusations of racist language.

25. Julia McGuire threatened Plaintiff, stating that things would get worse.

26. The coaching staff failed to act and reinforced a discriminatory team culture.

**D. False Accusations and Isolation**

27. Coaches confronted Plaintiff with the false allegations in mid-November 2022 without conducting a proper investigation. Plaintiff was accused of racism and other misconduct without evidence or an opportunity to defend herself adequately.

28. The accusations made against Plaintiff arose in the context of social exclusion based on her heterosexual orientation and her perceived difference from the core group, further illustrating sex-based animus.

29. On December 7, 2022, Plaintiff was unexpectedly removed from practice and isolated from the team.

30. There was no communication from staff to Plaintiff or her family regarding her status.

31. These events caused Plaintiff significant emotional distress and intensified her isolation.

**E. Retaliation and Failure to Provide Support**

32. Coaches continued to retaliate by criticizing Plaintiff's competitiveness, benching her without valid reasons, and creating an environment where she felt unwelcome and isolated in mid to end November 2022.

33. Plaintiff was removed from the team on November 12, 2022, although the action was initially communicated as occurring in early December 2022.

34. Plaintiff did not return to campus for the spring semester and instead completed classes online.

35. Coaches continued retaliatory conduct, criticizing her work ethic and isolating her socially.

**F. Attempts to Seek Administrative Intervention**

36. Plaintiff and her mother attempted to seek help from the Athletic Director in November 2022.

37. Plaintiff submitted a written complaint in November 2022, but the administration failed to take meaningful steps to investigate or address her concerns.

38. The meeting occurred on November 22, 2022, but Mr. Coomer failed to attend.

39. Plaintiff submitted a written complaint, but the administration failed to take meaningful steps to investigate or address her concerns.

## G. Impact on Plaintiff's Health and Academic Performance

40. Plaintiff was diagnosed with severe depression and anxiety in late November 2022 and began receiving treatment.

41. Plaintiff suffered a knee injury in October 2022 that was misdiagnosed by University staff, worsening her condition due to delayed care.

42. Her mental and physical condition led to a sharp decline in her academic performance.

## H. Damage to Reputation and Career Prospects

43. Plaintiff entered the NCAA transfer portal in March 2023.

44. She experienced a sudden lack of interest from recruiters, indicating that defamatory information about her had been shared.

45. Plaintiff's reputation was severely damaged, and her Division I opportunities were diminished.

## I. Loss of Scholarship and Forced Transfer

46. On April 1, 2023, Plaintiff was informed that her scholarship had been revoked.

47. Without financial support or team placement, Plaintiff was forced to withdraw from Lindenwood University and return to Canada.

48. Her NCAA eligibility was effectively destroyed by the University's actions and inactions.

**J. Administrative Changes Post-Dismissal**

49. In May 2023, coaching staff members Shelley Looney and Kristi Kehoe departed from the program.

50. These administrative changes were indicative of mismanagement but occurred too late to remedy the harm suffered by Plaintiff.

**K. Ongoing Harm and Lack of Resolution**

51. As of the filing of this Complaint, Plaintiff continues to experience psychological harm, academic and athletic disruption, and a lack of closure.

52. Lindenwood University has refused to acknowledge wrongdoing or take remedial action.

53. Plaintiff's career aspirations in Division I hockey have been irreparably damaged by Defendants' actions.

**V. CLAIMS FOR RELIEF**

Count I: Violation of Title IX (20 U.S.C. §1681 et seq.)

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

55. Title IX prohibits sex-based discrimination in federally funded education programs. The protections of Title IX extend to students who face harassment or exclusion based on sex stereotypes, sexual orientation, or perceived failure to conform to gender-based norms.

56. Plaintiff, an elite-level NCAA Division I recruit with extensive national accolades, was systematically excluded and subjected to a hostile educational environment by teammates and coaches who formed a dominant social clique predominantly identifying as lesbian. Plaintiff, as a heterosexual student-athlete, was perceived as an outsider and was targeted on the basis of her sex and failure to conform to prevailing gender and social expectations within that group.

57. The mistreatment included verbal and physical harassment, malicious gossip, false accusations of racism, exclusion from team activities, abrupt isolation, and denial of athletic opportunities. This campaign of hostility created a severely toxic environment that directly impacted Plaintiff's educational access and athletic advancement.

58. Defendant's coaching and administrative staff were deliberately indifferent despite repeated pleas for support. They failed to intervene, refused to investigate impartially, and instead punished Plaintiff based on uncorroborated accusations made by a close-knit group of friends. The University's conduct amounted to de facto endorsement of sex-based harassment and exclusion.

59. Defendant's actions deprived Plaintiff of educational benefits, emotional safety, and athletic development, all of which are protected under Title IX. As a result, Plaintiff's academic performance suffered, her athletic career was derailed, and her NCAA Division I eligibility was effectively destroyed.

## Count II: Retaliation under Title IX

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

61. Title IX prohibits retaliation against individuals who report or oppose sex-based discrimination.

62. Plaintiff engaged in protected activity by reporting instances of bullying, harassment, and misconduct by her teammates and coaching staff. She also submitted written documentation of her experiences to University administrators.

63. Rather than providing support or conducting an impartial investigation, the University retaliated against Plaintiff by: removing her from team activities, denying her appropriate medical treatment, isolating her in moments of crisis, withholding her athletic equipment, and ultimately suspending her and revoking her scholarship. She was left with no viable alternative but to transfer out of the program, which required her to abandon her educational opportunity in the United States and return to Canada.

64. These retaliatory measures were substantial, intentional, and directly caused the loss of Plaintiff's educational benefits, the destruction of her athletic trajectory, and severe mental and emotional distress.

**Count III: Breach of Contract**

65. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs
    as if fully set forth herein.

66. An implied and express contract existed between Plaintiff and Defendant, including but
    not limited to the representations made through Lindenwood University's Student-
    Athlete Handbook, Athletic Department policies, and the scholarship offer accepted by
    Plaintiff. These documents and agreements promised an educational and athletic
    environment that would be free from discrimination, harassment, and retaliation, and
    guaranteed access to appropriate medical treatment, equipment, and mental health
    services.

67. Defendant breached its obligations under these contracts by: (1) Failing to take corrective
    action in response to Plaintiff's repeated reports of harassment; (2) Conducting an unfair
    and biased investigation, limited to a group of mutually aligned accusers; (3) Retaliating
    against Plaintiff without affording her procedural fairness or notice; (4) Failing to provide
    appropriate mental health and medical care despite clear evidence of crisis; (5)
    Mishandling Plaintiff's athletic equipment and denying her promised resources.

68. As a result, Plaintiff suffered tangible losses including revoked scholarship benefits,
    inability to complete her education in the U.S., reputational damage within NCAA
    circles, emotional trauma, and lasting injury to her professional career prospects.

**Count IV: Negligence**

69. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs
    as if fully set forth herein.

70. Defendant owed a legal duty to Plaintiff, a student-athlete under its care, to provide a safe
    and inclusive educational and athletic environment, to respond appropriately to
    allegations of misconduct, to provide access to medical and mental health care, and to
    ensure compliance with its own published policies and standards.

71. Defendant breached these duties through: (1) Grossly inadequate training and supervision
    of coaches and administrators; (2) Failure to follow established investigative and
    grievance protocols; (3) Willful disregard of Plaintiff's urgent requests for assistance,

including when she was in mental health crisis; (4) Neglecting to provide timely and
accurate medical diagnosis and treatment, leading to aggravated injury; (5) Failing to
secure or return personal equipment essential to her performance and safety as a student-
athlete.

72. These failures caused foreseeable and direct harm to Plaintiff, including physical injury,
mental health deterioration, loss of academic standing, derailment of a Division I athletic
career, and substantial financial losses. Defendant's actions and omissions represent a
gross deviation from the standard of care expected in a collegiate educational and athletic
setting.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her
favor and grant the following relief:

A. A declaration that Defendant's actions violated Title IX.

B. An order requiring Defendant to take all necessary steps to remedy the effects of the
discrimination and retaliation, including revising its Title IX policies and procedures and
providing appropriate training to staff and administrators.

C. Compensatory damages, exceeding $75,000.00 exclusive of costs and  interest, for
emotional distress, academic harm, and financial losses incurred as a result of Defendant's
actions.

D. Punitive damages to deter future misconduct by Defendant and other educational
institutions.

E. Attorney's fees and costs as provided by law.

F. Any other relief that the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Antranik "Andy" Boyadzhyan
Lento Law Group

*/s/ Antranik Boyadzhyan*

3000 Atrium Way – Ste 200
Mount Laurel, New Jersey 08053
856-652-2000
aboyadzhyan@lentolawgroup.com