UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYANN PERRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 846 CDP |
| | ) | |
| LINDENWOOD UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In June 2025, attorney Antranik Boyadzhyan of the law firm Lento Law
Group, P.C., filed this action on behalf of his client, plaintiff Ryann Perrett.
Attorney Boyadzhyan now moves to withdraw his representation of Perrett, citing
only that he is no longer employed with the Lento Law Group.[1]  As no other
attorney has entered an appearance on behalf of Perrett, I will deny Boyadzhyan's
motion to withdraw without prejudice.

This district has adopted the Rules of Professional Conduct as set forth by
the Missouri Supreme Court.  *See* E.D. L.R. 12.02 (Attorney Discipline).  Under
Rule 4-1.16(b)(1), an attorney may withdraw from representing a client if
withdrawal can be accomplished "without material adverse effect on the interests
of the client."  Without a substitute attorney entering an appearance, plaintiff's

---

[1] Boyadzhyan moves to withdraw under Local Rule 12.06.  That Rule governs fees and expenses
of appointed counsel and is not applicable here as Boyadzhyan was not appointed in this case.

interests cannot be adequately protected here.  This is especially so given Boyadzhyan's averment in his motion that he gave notice to the law firm of his departure from the firm but fails to advise whether he provided specific notice to plaintiff Perrett of either his departure from the firm or of his intent to withdraw from her case.  *See Welman v. Parker*, 328 S.W.3d 451, 457 (Mo. Ct. App. 2010) (if attorney represented client while at law firm, "both the law firm and the departing attorney have a duty to communicate the change in circumstances to the client.").  "The primary purpose of the communication is to assist their clients in determining whether their legal work should remain with the law firm, be transferred to the departing attorney, or be transferred elsewhere." *Id.* (internal quotation marks and citation omitted).

Nor is Boyadzhyan's assertion that the Lento Law Group will continue to represent Perrett a sufficient basis to permit him to withdraw.  First, a law firm cannot enter an appearance on behalf of a party.  An actual lawyer is required.  Moreover, Boyadzhyan refers to several emails that he sent to "the firm and management" regarding his departure and that an automatic response and forwarding system was set up for emails regarding his cases.  I do not consider the methods Boyadzhyan describes as meaningful communication regarding the continued representation of plaintiff, especially since no other attorney from the firm has entered an appearance.  Finally, while Boyadzhyan requests that the Court

direct all future correspondence regarding this case to the Lento Law Group, the contact information of record for the Group is confusing at best, given that the pleadings and documents Boyadzhyan filed in the case show different addresses for the Group:  *i.e.*, the signature block of the Complaint shows the Lento Law Group being located in Mount Laurel, New Jersey (ECF 1); the signature block of a responsive brief shows the Lento Law Group being located in Cherry Hill, New Jersey (ECF 15).  And Boyadzhyan's motion to withdraw includes no mailing address for either himself or the Lento Law Group (ECF 17).

I will therefore deny attorney Boyadzhyan's motion to withdraw, but without prejudice to his refiling the motion upon the entry of appearance of substitute counsel.  Boyadzhyan therefore remains fully responsible and ethically bound to represent plaintiff Perrett in this action until an Order is issued allowing him to withdraw.  Mo. S. Ct. R. 4-1.16(c).  I will direct Boyadzhyan to provide a copy of his Motion to Withdraw as well as a copy of this Memorandum and Order to plaintiff Perrett and to the managing partner of his former law firm and, further, to certify to the Court his compliance with that directive.

Accordingly,

**IT IS HEREBY ORDERED** that attorney Antranik Boyadzhyan's Motion to Withdraw Appearance [17] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, in addition to providing Notice of

Electronic Filing through the Court's electronic filing system, the Clerk of Court

shall mail a copy of this Memorandum and Order via first class mail to the

following recipients:

> Antranik Boyadzhyan
> 518 Lafayette Rd.
> Harrington Park, NJ  07640
>
> Lento Law Group, P.C.
> Attention:   Managing Partner
> 3000 Atrium Way, Ste. 200
> Mount Laurel, NJ  08053
>
> Lento Law Group, P.C.
> Attention:   Managing Partner
> Beowulf Building
> 1814 East Route 70, Ste. 321
> Cherry Hill, NJ  08003

**IT IS FURTHER ORDERED** that attorney Antranik Boyadzhyan shall

**forthwith** provide a copy of his Motion to Withdraw and a copy of this

Memorandum and Order to plaintiff Ryann Perrett and to the Managing Partner of

his former law firm, Lento Law Group, P.C., **and file with the Court a certificate**

**of compliance within five (5) days of the date of this Order**.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2025.