UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYANN PERRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25 CV 846 CDP |
| | ) |
| LINDENWOOD UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Ryann Perrett is a former student-athlete who was a member of the women's hockey team at Lindenwood University.  Perrett alleges that she was harassed by her teammates on the basis of her heterosexual orientation and that Lindenwood and its employees responded inadequately to her complaints.  She brings claims against Lindenwood and its employees for gender discrimination and retaliation under 20 U.S.C. § 1681 (Title IX), as well as state law claims for breach of contract and negligence.  For the reasons that follow, I will grant defendants' motion to dismiss all claims against defendants Jason Coomer, Rebecca Taylor, Katie Zingg, Shelley Looney, and Kristi Kehoe.  I will also grant defendants' motion to dismiss the breach of contract and negligence claims against Lindenwood.  Perrett's Title IX claims against Lindenwood will proceed.  Finally, I will order Perrett to show cause

why her claims against the Doe defendants should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely serve them.

## Facts and Background

In June 2025, plaintiff Ryann Perrett filed this action against defendants Lindenwood University, Vice President for Intercollegiate Athletics Jason Coomer, Director of Mental Health Services Rebecca Taylor, Associate Athletic Director Katie Zingg, former Head Coach Shelley Looney, former Assistant Coach Kristi Kehoe, ten John Does, and unspecified number of unidentified staff members from Lindenwood University's Mental Health Services. Without specifying which claims are being asserted against which defendants, Perrett asserts Title IX claims for discrimination (Count I) and retaliation (Count II), as well as state law claims for breach of contract (Count III) and negligence (Count IV).

The complaint alleges the following facts: Perrett was a student-athlete who joined the women's hockey team at Lindenwood on a sports scholarship in August 2022. In the following months, Perrett experienced verbal harassment and intimidation from her "teammates who viewed her talent and competitiveness as a threat." ECF #1, Complaint ¶ 16. She was "one of the few players who did not identify as lesbian, which contributed to her being seen as an outsider by a dominant social group of teammates and coaching staff who share that identity." *Id.* ¶ 18. She reported the harassment to coaches Looney and Kehoe, but no corrective actions were

taken.  Perrett suffered a knee injury that was misdiagnosed by Lindenwood's staff in October, and the delay in treatment worsened her condition.  In November, one of Perrett's teammates falsely accused her of using racist language and other misconduct.  "The accusations made against Plaintiff arose in the context of social exclusion based on her heterosexual orientation and her perceived difference from the core group, further illustrating sex-based animus."  *Id.* ¶ 28.  "Coaches continued to retaliate by criticizing Plaintiff's competitiveness, benching her without valid reasons, and creating an environment where she felt unwelcome and isolated."  *Id.* ¶ 32.  An unspecified "meeting occurred on November 22, 2022, but Mr. Coomer failed to attend."  *Id.* ¶ 38.  Perrett "submitted a written complaint, but the administration failed to take meaningful steps to investigate or address her concerns."  *Id.* ¶ 39.  She was treated for severe depression and anxiety in November 2022, and her mental and physical conditions led to a decline in her academic performance.  In March 2023, Perrett "experienced a sudden lack of interest from recruiters, indicating that defamatory information about her had been shared."  *Id.* ¶ 44.  As a result, her reputation was damaged and her Division I opportunities were diminished.  In April 2023, Perrett's scholarship was revoked, which caused her to withdraw from Lindenwood.

Defendants move to dismiss Counts I and II as to the individual defendants and Counts III and IV as to all defendants.[1]  Noting that it is unclear which claims apply to which defendants, they argue that – to the extent Perrett intends to bring Counts I and II against any of the individual defendants – those claims must be dismissed because Title IX claims cannot be brought against school officials, teachers, and other individuals.  Defendants contend that the breach of contract claim fails because the complaint does not identify any specific contractual provision or promise that they are alleged to have violated.  They assert that the negligence claim also fails because the complaint does not provide support for the duties they allegedly breached.  Perrett opposes the motion to dismiss.

## Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a motion to dismiss, a court should assume the complaint's factual allegations are true and construe them in favor of the plaintiff.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Id.*  The factual

---

[1] Defendants do not move to dismiss the Title IX claims against Lindenwood in Counts I and II.

allegations must be sufficient to "raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). A "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (citation modified); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("In addition, some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim.").

## Discussion

As an initial matter, the complaint does not specify – and I cannot discern – which claims Perrett is asserting against which defendants. All of Perrett's claims and prayers for relief refer to a single defendant that appears to be Lindenwood. The complaint contains no factual allegations regarding Taylor and Zingg and a few vague allegations regarding Coomer, Looney, and Kehoe. ECF #1 ¶¶ 22, 38, 49. Perrett's opposition to the motion to dismiss does not clarify matters because it focuses on Lindenwood and does not meaningfully discuss the individual defendants. But regardless of which claims apply to which defendants, the complaint fails to state a claim against any of the five individual defendants, and it fails to state claims for breach of contract and negligence against Lindenwood for the reasons that follow.

## I.     Counts I and II – Title IX

Defendants do not seek to dismiss Perrett's Title IX claims against Lindenwood, but they do move to dismiss the Title IX claims against the individual defendants. While Perrett appears to acknowledge in her opposition that her Title IX claims are properly pled only against Lindenwood, she argues that the individual defendants should not be dismissed because they were involved in the alleged misconduct and are necessary for Perrett to prove her case against Lindenwood. But Perrett need not name Coomer, Taylor, Zingg, Looney, or Kehoe as defendants to make factual allegations regarding their conduct in the complaint. To the extent Perrett intends to assert her Title IX claims against the individual defendants, those claims must be dismissed because school officials are not the recipients of federal funds. *See Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999) (joining those circuits holding that school officials may not be sued under Title IX because they do not receive federal funds); *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (explaining that Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals").

## II.    Count III – Breach of Contract

While other jurisdictions have held that a contractual relationship exists between a student and a university based on a student's enrollment or a university's manuals and policies, Missouri courts have not. *See Lucero v. Curators of Univ. of*

*Mo.*, 400 S.W.3d 1, 4-5 (Mo. Ct. App. 2013) ("[T]he parties have not cited, nor has our research uncovered, any case law in Missouri that expressly finds the existence of a contractual relationship between a student and a university."). Even assuming that a contractual relationship between Perrett and Lindenwood could exist under Missouri law, Perrett has not adequately alleged any specific promise or obligation that Lindenwood failed to honor.

Not every dispute between a student and a university is amenable to a breach of contract claim. *Lucero*, 400 S.W.3d at 5. Rather, "to assert a breach of contract claim against a university, a student plaintiff must point to an identifiable contractual promise that the university defendant failed to honor." *Id.* (citation modified). This means that "the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient." *Gillis v. Principia Corp.*, 832 F.3d 865, 872 n.11 (8th Cir. 2016). "Thus, a complaint fails to state a claim for breach of contract if it does not set out the claimant's rights or the defendant's obligations under the contract. *Id.* (citation modified). "Vague references to unspecified 'agreements' are insufficient to state a claim for breach of contract." *Id.* (citing *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013)).

Perrett asserts that her breach of contract claim is based on representations in Lindenwood's student-athlete handbook, athletic department policies, and the

scholarship offer that she accepted, but she has not cited any contractual provision that was allegedly violated, nor has she even submitted copies of the documents she claims are contracts. *See Gillis*, 832 F.3d at 872 n.11 ("[T]he complaint must, at minimum, cite the contractual provision allegedly violated."). The complaint alleges only that those documents "promised an educational and athletic environment that would be free from discrimination, harassment, and retaliation, and guaranteed access to appropriate medical treatment, equipment, and mental health services." ECF #1 ¶ 66. This generalized allegation fails to state a claim for breach of contract because it does not set out Perrett's rights or Lindenwood's specific obligations under the contract. *See Gillis*, 832 F.3d at 872 n.11. Further, the alleged statements "cannot constitute the basis for a breach of contract claim" because they "do not constitute specific promises, but rather are aspirational in nature." *Lucero*, 400 S.W.3d at 6. Therefore, the complaint fails to state a claim for breach of contract against Lindenwood. The complaint also fails to state a claim for breach of contract against the individual defendants because it contains no allegations suggesting that any of them had a valid contract with Perrett. *See Lucero*, 400 S.W.3d at 5 (breach of contract elements).

### III.   Count IV – Negligence

Under Missouri law, "the general elements of negligence are:  (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant;

(3) proximate cause; and (4) injury to the plaintiff." *Campbell v. Baxter Int'l, Inc.*, 697 S.W.3d 36, 42 (Mo. Ct. App. 2024) (citing *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. W.D. 2001). Whether a duty exists is a question of law. *Pearson v. Logan Univ.*, 937 F.3d 1119, 1127 (8th Cir. 2019) (citing *Lopez v. Three Rivers Elec. Coop.*, 26 S.W.3d 151, 155 (Mo. 2000) (en banc)). Missouri courts have consistently rejected the contention that simply enrolling in a university creates a legal duty of care to support a negligence claim. *Nickel v. Stephens College*, 480 S.W.3d 390, 401 (Mo. Ct. App. 2015). "As a general rule, a college does not owe a duty to protect its students." *Pearson*, 937 F.3d at 1127 (citing *Nickel*, 480 S.W.3d at 401 n.8. (acknowledging a "very narrow exception" in cases where a "special relationship" exists between a school and a student when "one party entrusts another for protection and relies upon that party to provide a place of physical safety")).

The complaint alleges that "Defendant owed a legal duty to Plaintiff, a student-athlete under its care, to provide a safe and inclusive educational and athletic environment, to respond appropriately to allegations of misconduct, to provide access to medical and mental health care, and to ensure compliance with its own published policies and standards." ECF #1 ¶ 70. In her opposition, Perrett does not point to any recognized exception to the general rule that a university does not have a duty to protect its students, and she cites no Missouri case finding such an exception under similar circumstances. I also have found no authority from Missouri that would

support finding a duty to support a negligence claim in this case. *See Nickel*, 480 S.W.3d at 401 (refusing to recognize a duty to support a negligence claim where the plaintiff alleged that the defendant college's administrative decision to issue her a medical withdrawal due to mental health issues breached a duty that "exists simply by virtue of the university-student relationship"). Thus, the complaint fails to state a negligence claim against Lindenwood. To the extent Perrett intends to bring her negligence claim against the individual defendants, her claim fails because the complaint contains no factual allegations indicating that any of the individual defendants breached a specific duty to Perrett. *See Campbell*, 697 S.W.3d at 42 (negligence elements).

## IV. <u>Doe Defendants</u>

Perrett was required to serve all defendants within 90 days after she filed her complaint, which means that proof of service was due on or before September 8, 2025. *See* Fed. R. Civ. P. 4(m). John Does 1-10 and the unidentified Lindenwood University Mental Health Services Personnel remain unserved in this case, and the time to effect service on them has passed. *See United Pentecostal Church Int'l, Inc. v. Doe*, No. 4:25-CV-00327-MTS, 2025 WL 1663983, at *1 (E.D. Mo. June 12, 2025) (Rule 4(m)'s service period applies to Doe defendants). I will therefore order Perrett to show cause why her claims against the unserved John Does 1-10 and

Lindenwood University Mental Health Services Personnel should not be dismissed under Rule 4(m) for her failure to timely effect service of process on them.

## Conclusion

Based on the foregoing analysis, I will grant defendants' motion to dismiss without prejudice Counts I through IV as to the individual defendants, as well as the breach of contract and negligence claims brought against Lindenwood in Counts III and IV.  Counts I and II will proceed against Lindenwood.  Perrett must show cause why her claims against the unserved John Does 1-10 and Lindenwood University Mental Health Services Personnel should not be dismissed for failure to timely effect service.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [12] is **GRANTED**.  Counts I through IV are **DISMISSED** as to defendants Jason Coomer, Rebecca Taylor, Katie Zingg, Shelley Looney, and Kristi Kehoe.  Counts III and IV are **DISMISSED** as to defendant Lindenwood University.

**IT IS FURTHER ORDERED** that plaintiff Ryann Perrett shall show cause **within ten (10) days of the date of this Order** why her claims against John Does 1-10 and Lindenwood University Mental Health Services Personnel should not be dismissed for failure to timely effect service of process under Federal Rule of Civil Procedure 4(m).

This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2026.