# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RYANN PERRETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | Case No. 4:25-cv-00846-CDP |
| **LINDENWOOD UNIVERSITY,** ) | |
| **LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION FOR PROTECTIVE ORDER TO APPEAR FOR ORAL DEPOSITION

COMES NOW Plaintiff Ryann Perrett by and through her undersigned counsel and requests the Court to grant her Motion for Protective Order pursuant to the Federal Rules of Civil Procedure 26(c).

## INTRODUCTION

1.  Defendant's Counsel, Zachary Merkle, has noticed an oral videotaped deposition of Plaintiff to take place in his offices on May 1, 2026 at 10:00 a.m.

2.  Prior to Defendant's counsel setting the date, Plaintiff's counsel and Defendant's counsel had a meet-and-confer telephonic conference on March 30, 2026, and Plaintiff's counsel indicated that Plaintiff would like the deposition to take place remotely as Plaintiff lives in Canada, is a student enrolled in school in Canada and cannot afford to attend an oral deposition in St. Louis, Missouri.

3.  Defendant's Counsel insisted on an in-person deposition despite Plaintiff's assertions that the deposition will be an undue and burdensome expense to her.

1

4.  Plaintiff requires a protective order from the Court in regard to the oral videotaped deposition on May 1, 2026, in that the request is oppressive, unduly burdensome and expensive for Plaintiff.

5.  Plaintiff resides in Canada and seeks an order permitting her deposition to be taken remotely.

6.  Federal Rules of Civil Procedure 30(b)(4) expressly authorizes remote depositions, and federal courts routinely grant such relief when travel is burdensome or unnecessary. A remote deposition will allow full cross-examination and will not prejudice Defendants.

7.  Plaintiff discloses that she will travel to Missouri to testify at trial but cannot afford to make the trip on two separate occasions.

## LEGAL STANDARD

**FRCP 30(b)(4)**

"The parties may stipulate or the court may on motion order that a deposition be taken by telephone or other remote means."

**FRCP 26(c)**

Allows protective orders to prevent "undue burden or expense."

**FRCP 26(b)(1)**

Requires discovery to be "proportional to the needs of the case."

## ARGUMENT

A. Courts routinely order remote depositions under Federal Rules of Civil Procedure 30(b)(4). In *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.,* 335 F.R.D. 536 (N.D. Ill. 2020), the court ordered all depositions to proceed by videoconference, holding: "Remote depositions have become the norm… and are an appropriate means of conducting discovery under Rule 30(b)(4)." Id. The court rejected arguments that in-person testimony was necessary for credibility or exhibits.

B.  In another case, the court rejected claims that in-person depositions are needed for credibility. The court held that "concerns about evaluating credibility do not outweigh the efficiency and reduced burden of remote depositions." *In re Broiler Chicken Antitrust Litigation,* 2020 WL 3469166 (N.D. Ill. June 25, 2020).

C.  In yet another case, *United States v. Daskal,* 2023 WL 2571717 (E.D.N.Y. Mar. 20, 2023), the court approved remote testimony from a foreign witness in a criminal case. In a criminal case with constitutional concerns, if remote testimony was approved, then remote testimony is appropriate in a civil Title IX case.

D.  Plaintiff's Canadian residency makes in-person attendance unduly burdensome. International travel requires airfare, lodging, border crossing logistics, time away from medical care, and significant expense. Courts consistently hold that such burdens justify remote depositions.

## CONCLUSION

WHEREFORE Plaintiff respectfully requests that this Court grant her Motion for Protective Order, halt the oral in-person deposition on May 1, 2026 and allow the deposition to proceed by remote videoconference in accordance with the Federal Rules of Civil Procedure 30 (b)(4).

3

Dated: April 1, 2026

                                          */s/ Lynda Sangmor*
Lynda Sangmor (*Pro Hac Vice*)
LLG NATIONAL LAW GROUP P.C.
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Email: lynda.sangmor@llgnational.com


*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                          */s/  Lynda Sangmor*

4