UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **RYANN PERRETT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:25-cv-00846-CDP |
| **LINDENWOOD UNIVERSITY,** | ) | |
| **LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Lindenwood University, LLC ("Lindenwood" or "Defendant") and for its response to Plaintiff's Motion for Protective Order [Doc. 39] states:

### INTRODUCTION

Plaintiff, a resident of Canada, initiated this matter by filing suit in this District on June 10, 2025. After conferring on available dates, Defendant noticed the deposition of Plaintiff for May 1, 2026, in St. Louis, Missouri. Plaintiff now refuses to submit to a deposition in this jurisdiction because of the expense involved in coming to this District. For the reasons discussed below, Plaintiff's Motion for Protective Order should be denied.

### BACKGROUND

Following the Rule 16 conference in this matter, Defendant's counsel requested availability in April 2026 from Plaintiff and her counsel to take Plaintiff's deposition. Plaintiff indicated that she had final exams in April and could not come to Missouri to do the deposition in person. (**Exhibit A**, March 3-4, 2026 Emails.) Defendant's counsel offered to work around final exams, and the deposition is currently set for after Plaintiff's final exams.

1

On March 18, 2026, Plaintiff wrote a letter advising that she would not travel to Missouri for a deposition because she had final examinations and academic commitments in Canada, had no income, and experienced depression and anxiety that would be significantly worsened by international travel. (**Exhibit B**, March 18, 2026 Letter and Email.) Even though she is a party who filed suit in this District, Plaintiff stated that even a subpoena could not compel her attendance. (*Id.*)

On March 30, 2026, the parties' counsel conferred by phone, but they could not come to an agreement on Plaintiff's appearance in-person. Defendant served a Notice of Deposition for Plaintiff on April 1, 2026. (**Exhibit C**, Notice of Deposition.)

In response, Plaintiff filed her Motion for Protective Order. [Doc. 39.] In an affidavit, Plaintiff now indicates that the only reason she cannot attend this deposition in person is due to the expense. [Doc. 39-1.] However, Plaintiff does plan to attend trial in person. [Doc. 39, p. 2, ¶ 7.]

## ARGUMENT

Defendant has the right to notice Plaintiff's deposition under the Federal Rules of Civil Procedure with reasonable notice. Fed. R. Civ. P. 30(a)(1) and 30(b)(1). Defendant noticed the deposition for its office in St. Louis, a few blocks from the Courthouse. *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 585 (N.D. Fla. 2019) (recognizing that courts "give some weight to the location selected by the party conducting the deposition, especially if the location selected also is within the district and division in which the plaintiff initiated the action").

Plaintiff may move for an order protecting discovery, which is granted only upon a showing of good cause. Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for the issuance of the order. *Heller v. HRB Tax Group, Inc.,* 287 F.R.D. 483, 485 (E.D.Mo. 2012). To make the requisite showing of good cause, the moving party must

make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Id.*

The presumption is that a defendant may take a plaintiff's deposition where the suit was filed. *Woods v. Wills,* No. No. 1:03-CV-105 CAS, 2005 WL 5989795, at *4 (E.D. Mo. May 6, 2005); *Provident Sav. Bank, F.S.B. v. Focus Bank*, No. 1:19-CV-151 RLW, 2020 WL 6196132, at *2 (E.D. Mo. Oct. 22, 2020); *Warren v. UPS Ground Freight, Inc.,* 2018 WL 6082955, at *2 (E.D. Mo. Nov. 21, 2018). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice." *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D. Mich. 1987). "Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances" from their location. *Id.*

Furthermore, indigence is generally not enough to relieve a plaintiff of the duty to submit to a deposition in the forum district. *Huddleston v. Bowling Green Inn of Pensacola,* 333 F.R.D. 581, 585 (N.D. Fla. 2019). A plaintiff is generally required to bear the reasonable burden or inconvenience that the civil action presents. *Id.* Not only does a plaintiff take the volitional step of of filing a lawsuit in this venue, but "he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant." *Id.*, citing *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). "A plaintiff, therefore, cannot invoke the mere fact of inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim." *Id.*

A litigant who seeks a protective order to preclude a deposition in a particular place must establish with evidence an inability to attend a deposition at that place or the probability of

suffering a substantial hardship beyond the ordinary inconvenience that any deposition necessarily entails. *Huddleston,* 333 F.R.D. at 585–86.

Here, Plaintiff has merely alleged that traveling for this deposition would be unduly burdensome and expensive, but has submitted no evidence beyond conclusory statements about her annual income. [Doc. 39-1.] Mere vague concerns about having to travel are not sufficient to meet Plaintiff's burden to establish that a protective order should be issued. *See United States Sec. & Exch. Comm'n v. Skerry,* No. 117CV00415WCLSLC, 2019 WL 117607, at *3 (N.D. Ind. Jan. 7, 2019). Further, Plaintiff's financial justification for refusing to come to this District for a deposition is belied by willingness to come here for trial: she specifically states she is coming to this jurisdiction for trial [Doc. 39, p. 2, ¶ 7], but she does not want to come for a deposition. Plaintiff should not be able to pick and choose when she can afford to come here — if she refuses to come for a deposition, she should not get to come here for trial.

Finally, this Court must consider the hardship on Lindenwood. *Huddleston,* 333 F.R.D. at 587. While Lindenwood is generally agreeable to virtual depositions for other less-important fact witnesses, "Plaintiff is not a mere witness. She is the party alleging intentional discrimination on the basis of her sex, and her testimony likely will be a key piece of evidence for both parties. If feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person." *Id.* at 586. Plaintiff is obviously a vital witness in a fact-intensive case, where her credibility is key. [*See generally* Compl., Doc. 1.] Allowing Plaintiff to be deposed by videoconference would hinder Defendant's ability to assess Plaintiff's credibility. *Pruco Life Ins. Co. v. California Energy Dev. Inc.,* No. 318CV02280DMSAHG, 2021 WL 5043289, at *3 (S.D. Cal. Oct. 29, 2021) ("The credibility of the parties is also a key substantive issue in this case. For that reason, the Court is not inclined to permit key witnesses […] to appear by videoconference.").

Plaintiff has also offered an in-person deposition in Alberta, Canada. But that simply shifts the financial burden to Defendant to travel when Plaintiff filed suit in this District. And it will be more expensive for Defendant's counsel, who has an hourly rate (unlike Plaintiff) in addition to expenses. Further, "deposing a Canadian citizen in Canadian territory raises legal and logistical concerns involving comity and Canadian courts." *Skerry*, 2019 WL 117607, at *3. This is particularly relevant here, as Plaintiff has already asserted (despite being a party subject to this Court's sanctions power) that this Court has no power to compel her attendance by subpoena in Canada. [Ex. B.] At least one Court has used these problems in favoring a deposition in the United States:

> Separate concerns regarding sovereignty also favor conducting the deposition in the United States. If the deposition occurred in Canada, this Court would be in the position of issuing an order compelling a Canadian citizen to appear for a deposition on Canadian soil, pursuant to United States federal rules of civil procedure and for use in litigation in the United States. *See In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 538 (D.Md.1996) ("If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated."). Further, if the deposition went forward in Canada and a dispute developed during the deposition, this Court's ability to resolve any dispute might be compromised.

*Metcalf v. Bay Ferries Ltd.*, CIV.A. 12-40075-TSH, 2014 WL 3670786, at *2 (D. Mass. July 21, 2014). Lindenwood has real hardship of conducting a deposition (virtually or in person) in Canada, particularly with a Plaintiff that has already (wrongly) asserted this Court's inability to compel her into attendance because she is a Canadian citizen.

## CONCLUSION

In sum, Lindenwood receives some deference in selecting its office in St. Louis, a few blocks from the courthouse. Plaintiff's only justification for refusing to come here is the financial

burden, which is an insufficient justification on its own. And Lindenwood would suffer real hardship from a video deposition of the Plaintiff and even an in-person deposition in Canada. This Court should therefore reject Plaintiff's motion for protective order.

SANDBERG PHOENIX & von GONTARD P.C.

By:  _____/s/ Amanda A. Walker_____
Stephen M. Strum, #37133MO
Zachary S. Merkle, #68258MO
Amanda A. Walker, #72182MO
701 Market Street, Suite 600
St. Louis, MO  63101-1826
314-231-3332
314-241-7604 (Fax)
sstrum@sandbergphoenix.com
zmerkle@sandbergphoenix.com
awalker@sandbergphoenix.com

*Attorneys for Defendant Lindenwood University, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

_____/s/ Amanda A. Walker_____