UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RYANN PERRETT,                           )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )        Case No. 4:25 CV 846 CDP
                                         )
LINDENWOOD UNIVERSITY,                   )
                                         )
        Defendant.                       )

## MEMORANDUM AND ORDER

Plaintiff Ryann Perrett, who lives and attends school in Canada, has filed a

Motion for Protective Order concerning her upcoming deposition, which is

currently scheduled to take place in St. Louis, Missouri on May 1, 2026.  Perrett

states that it would be unduly burdensome and expensive to appear in person for

her deposition, and she asks the Court to allow her deposition to be taken remotely

by videoconference.  Defendant Lindenwood University opposes the motion.  For

the reasons that follow, I will grant the motion.

The discovery rules, like all of the Federal Rules of Civil Procedure, should

be construed to secure the just, speedy, and inexpensive determination of every

action.  Fed. R. Civ. P. 1.  Additionally, the Supreme Court has stated that "district

courts should not neglect their power to restrict discovery where justice requires

protection for a party or person from annoyance, embarrassment, oppression, or

undue burden or expense." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citation modified); Fed. R. Civ. P. 26(c)(1).

Under Rule 26(c)(1), a party from whom discovery is sought may move for a protective order, and the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). To show good cause, the movant's claim of harm must be based on more than stereotypical and conclusory statements. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). In determining whether a protective order should issue, I must also consider the relative hardship to the non-movant should the protective order be granted. *Gen. Dynamics Corp.*, 481 F.2d at 1212 (citing *United States v. Kordel*, 397 U.S. 1, 8 (1970)).

Lindenwood argues that Perrett's assertions regarding the expense and burden of traveling to her deposition are conclusory and not sufficient to show good cause. I disagree. Perrett states that her request is based on the following facts: She lives in Alberta, Canada; she would be required to pay for airfare and lodging to travel to her deposition in St. Louis, Missouri; and her annual income is less than $1,000. These are more than stereotypical and conclusory statements, and Perrett has submitted a declaration under penalty of perjury in support of her

statements regarding her annual income and inability to afford to travel to Missouri for an in-person deposition.  Further, the discovery rules expressly provide that protecting a party from "undue burden or expense" constitutes good cause for issuing a protective order.  Fed. R. Civ. P. 26 (c)(1).  Thus, I find that Perrett has shown good cause.

Lindenwood asserts that allowing Perrett to appear for a videoconference deposition would impose a hardship because a videoconference would hinder its ability to assess Perrett's credibility.  But the discovery rules specifically contemplate that the Court may on motion "order that a deposition be taken by telephone or other remote means," Fed. R. Civ. P. 30(b)(4), and Lindenwood provides no explanation for why its ability to observe Perrett would be hindered by a videoconference deposition.  Remote depositions have become routine in recent years, and "many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) (collecting cases); *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 17-18 (D.D.C. 2014) ("Ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue or when the deposition will cover a limited

set of topics."). The cases Lindenwood cites in support of its argument are distinguishable, as this case does not involve any accusations of bad faith or dishonest conduct between the parties, neither party has previously failed to appear for a deposition, and there is no need for Perrett to examine numerous or complex original documents during her deposition. In sum, while Lindenwood's preference for an in-person deposition is understandable, that preference is outweighed by the undue burden and expense Perrett would incur by traveling to Missouri for her deposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Protective Order [39] is **GRANTED**. Plaintiff's deposition shall be conducted by videoconference.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2026.